```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
  MINA G. BESHAY,                                         :
                                                          :
                              Plaintiff,                  :    13 Civ. 4619 (PAE)
                                                          :
                -v-                                       :    OPINION & ORDER
                                                          :
  CAROL KELLER[1], U.S. Citizenship and Immigration       :
  Services New York District Director,                    :
                                                          :
                              Defendant.                  :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

On July 1, 2013, Mina G. Beshay, proceeding *pro se*, filed an application for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1 ("Pet."). Beshay is a citizen of Egypt. In his petition, he challenges the denial of his application for naturalization as a United States citizen by the United States Citizenship and Immigration Services ("USCIS"), and seeks an order from this Court approving his application and granting him citizenship. *See id.* For the reasons that follow, Beshay fails to state a claim upon which relief may be granted. Beshay's petition is therefore dismissed.

I.      **Background**

In March 2012, Beshay submitted an N-400 application for naturalization, in which he claimed eligibility to naturalize pursuant to § 319(c) of the Immigration & Nationality Act ("INA"). Section 319(c) provides for a waiver of the INA's standard United States residency and physical presence requirements for individuals who, *inter alia*, are "employed by a bona fide

---

[1] The Court has substituted Carol Keller, the current Acting New York District Director of USCIS, for Andrea Quarantillo, the former Director, in the caption of this case. *See* Government 9/26/13 Letter 1 n.1 (substituting Keller pursuant to Fed. R. Civ. P. 25(d)).

United States incorporated non-profit organization which is principally engaged in conducting abroad through communications media the dissemination of information which significantly promotes United States interests abroad and which is recognized by the Attorney General." 8 U.S.C. § 1430(c). On December 21, 2012, USCIS issued a written decision denying Beshay's N-400 application. Dkt. 16 ("Connolly Decl.") Ex. D.

In January 2013, Beshay requested a hearing with respect to USCIS's December 21, 2012 decision to deny his application for naturalization. *See* Connolly Decl. Ex. E at 1. USCIS scheduled a hearing for March 13, 2013; Beshay did not attend. *See id*. After the hearing, on March 14, 2013, USCIS issued a decision affirming its denial of Beshay's N-400 application. *Id*.

On July 1, 2013, Beshay filed the instant petition. Dkt. 1. He challenges the denial of his application for naturalization by USCIS, and seeks an order from this Court approving his application and granting him citizenship.[2] Specifically, he claims that he is eligible for naturalization pursuant to INA § 319(c) on the ground that he had been continuously employed, for a period of nearly six years, by Stavros Enterprises Corporation ("Stavros"), a qualifying non-profit organization conducting business that significantly promotes U.S. interests abroad. *See* Pet. ¶ 9a. Beshay also claims that he is eligible for naturalization pursuant to INA § 317, which relaxes the physical presence requirement for individuals who are temporarily absent from the United States owing to their performance of "ministerial or priestly functions" or service "as a missionary, brother, nun, or sister" on behalf of a religious denomination or interdenominational

---

[2] Because Beshay's application for naturalization was denied, the Court construes his *pro se* petition as a claim for relief under 8 U.S.C. § 1421(c), which provides that "[a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (district courts are obliged to construe *pro se* pleadings to raise "the strongest arguments they suggest").

mission organization "having a bona fide organization within the United States," 8 U.S.C. § 1428.  Pet. ¶ 9c.

On November 24, 2013, Beshay attempted to enter the United States at John F. Kennedy International Airport.  *See* Dkt. 12 Ex. 1.  The same day, United States Customs and Border Protection ("CBP") commenced removal proceedings against him pursuant to INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i).  *See* Dkt. 12 Ex. 1.  Specifically, CBP alleged that Beshay had fraudulently obtained a U.S. employment visa by claiming to work for a company that does not exist—Stavros, the same corporation he claims makes him eligible for naturalization.  *See id*.  Those removal proceedings are ongoing.

On January 17, 2014, the Government filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Dkt. 14, and a supporting memorandum of law, Dkt. 15.[3]  On February 28, 2014, Beshay submitted an Amended Complaint.  Dkt. 22.  On March 21, 2014, the Government submitted a letter renewing its motion to dismiss.  Dkt. 23.

## II.   Discussion

Under the decision in *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008), Beshay's petition must be dismissed.  There, the plaintiff brought an action in district court seeking an order compelling his naturalization as a U.S. citizen.[4]  *See id.* at 231.  After the complaint had been

---

[3] On June 27, 2014, the motion was referred to Magistrate Judge Ellis for the preparation of a Report & Recommendation.  Dkt. 29.  Judge Ellis alerted the Court that *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008), squarely precluded the relief sought by Beshay.  Accordingly, the Court withdraws the reference, with thanks to Judge Ellis.

[4] There are two primary avenues for judicial review of naturalization petitions:  (1) an alien whose application for naturalization is denied, after a completion of all administrative review procedures, may seek review of that denial in district court, 8 U.S.C. § 1421(c); and (2) where "there is a failure to make a determination [on an application for naturalization] before the end of the 120-day period" following the applicant's eligibility examination, the alien may then apply to the district court, 8 U.S.C. § 1447(b).  In *Ajlani*, the plaintiff brought suit under § 1447(b).  *See*

filed, he was placed in removal proceedings, and the Government moved to dismiss the complaint. *See id.* at 232–33. The district court granted the motion to dismiss on the grounds that (1) the court lacked jurisdiction to review the Attorney General's decision to commence removal proceedings; and (2) in light of the pending removal proceedings, the plaintiff failed to state a claim for a judicial order compelling or granting his application for naturalization. *See id.* at 233.

The Second Circuit affirmed. With respect to judicial review of the decision to commence removal proceedings, the court explained that

> [t]he immigration code plainly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the INA]." 8 U.S.C. § 1252(g). While the statute creates an exception for "constitutional claims or questions of law," *see id.* § 1252(a)(2)(D), jurisdiction to review such claims is vested exclusively in the courts of appeals and can be exercised only after the alien has exhausted administrative remedies, *see id.* § 1252(a)(2)(D), (a)(5), (b)(4), (d).

545 F.3d at 235. Accordingly, the district court lacked jurisdiction to review the propriety of the Attorney General's decision to commence removal proceedings against the plaintiff. *See id.*

Further, and relevant here, the Second Circuit ruled that once those removal proceedings had been initiated, plaintiff could not state a claim for naturalization relief under § 1447(c). The

---

545 F.3d at 237. Beshay, whose application for naturalization was denied by USCIS, instead appears to invoke the Court's jurisdiction under § 1421(c). As explained more fully below, district courts lack jurisdiction under either section to consider naturalization petitions when removal proceedings are pending. *See Ajlani*, 545 F.3d at 239 ("Three of our sister circuits have considered the question and concluded that the priority afforded removal proceedings by § 1429 limits the courts' authority to grant naturalization pursuant to § 1421(c) or § 1447(b). . . . We now join them in reaching the same conclusion."); *see also Moya de Leon v. Napolitano*, No. 10 Civ. 6176 (DLC), 2011 WL 1990876, at *3 & n.2 (S.D.N.Y. May 23, 2011) (rejecting plaintiff's attempt to distinguish her § 1421(c) claim from the § 1447(b) claim raised in *Ajlani*, on the ground that "the Second Circuit's reasoning in *Ajlani* does not suggest a basis to distinguish between cases brought under these two provisions").

4

court explained that pursuant to 8 U.S.C. § 1429,[5] the Attorney General is "clearly prohibit[ed] . . . from making a final determination on naturalization while a removal proceeding is pending against the applicant." *Id.* at 238. To respect the "priority afforded removal proceedings by § 1429," the court reasoned, "district court authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General." *Id.* at 239, 240. Thus, once removal proceedings have been commenced, "the district court cannot compel the Attorney General 'to grant the alien's application for naturalization.'" *Id.* at 238 (explaining that the § 1429 bar cannot be overcome by "'judicial fiat'") (quoting *Zayed v. United States*, 368 F.3d 902, 906 & n.2 (6th Cir. 2004)) (alterations and brackets omitted). "To hold otherwise would be to restart the race that Congress [in enacting the current version of § 1429] attempted to end between naturalization and removal proceedings." *Id.* at 240. Accordingly, the court concluded that "the district court properly dismissed [the plaintiff's] § 1447(b) claim for failure to state a claim on which naturalization relief could be granted while removal proceedings were pending." *Id.* at 241.

The Second Circuit's analysis in *Ajlani* similarly requires dismissal here. To the extent that Beshay challenges the CBP's commencement of removal proceedings against him, the Court lacks jurisdiction to review that decision.[6] *See id.* at 241; *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from

---

[5] Section 1429 states, in relevant part, that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding." 8 U.S.C. § 1429.

[6] Should those proceedings result in a final order of removal, Beshay, after he has exhausted his administrative remedies, will then have the opportunity to raise any "constitutional claims or questions of law" with respect to those proceedings by petition to the Second Circuit. *See* 8 U.S.C. § 1252(a)(2)(D).

the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the INA]."). And, "in light of 8 U.S.C. § 1429, the pendency of those removal proceedings precludes [Beshay] from stating a claim for relief . . . in the form of an order either (a) compelling defendants to admit [him] to United States citizenship, or (b) directly granting his naturalization." *Ajlani*, 545 F.3d at 241; *see also Moya de Leon*, 2011 WL 1990876, at *3 (applying *Ajlani* and dismissing complaint brought by alien against whom removal proceedings had been initiated seeking naturalization relief under § 1421(c)).

Beshay's petition must, therefore, be dismissed.

## Conclusion

For the foregoing reasons, the motion to dismiss is granted. The Clerk is directed to terminate all pending motions, and to close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 21, 2014
       New York, New York